IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **JASON WHINERY,** Individually and on Behalf Of Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>**STEEL VENTURES, LLC** d/b/a EXLTUBE,<br><br>Defendant. | Case No.: 4:12-CV-00093 |

## ORDER DETERMINING GOOD FAITH
## AND GRANTING APPROVAL OF SETTLEMENT

WHEREAS:

A. On August 28, 2012, Plaintiff Jason Whinery, individually and as the Collective Class Representative, and Defendant, Steel Ventures, LLC by their respective counsel of record, executed and filed with this Court a Stipulation of Settlement Agreement and Release ("Agreement");

B. This Court has duly considered all of the submissions presented with respect to the Agreement;

C. All capitalized terms in this Proposed Order Determining Good Faith and Granting Approval of Settlement ("Approval Order") that are not otherwise defined have the same meaning as in the Agreement;

NOW THEREFORE, after due deliberation, this Court hereby ORDERS that:

1. This Approval Order will be binding on the Collective Class Members who become Qualified Claimants as defined in the Agreement.

2. The Agreement is fair, reasonable and adequate and should be approved, especially in the light of the benefits to the Collective Class Members accruing there from, the

substantial discovery and investigation conducted by Collective Class Counsel prior to the proposed Agreement, and the complexity, expense, risks and probable protracted duration of further litigation.

3. For purposes of the Agreement, the Court approves Defendant's option to choose a third party as the Claims Administrator.

4. The Notice attached as Exhibit B to the Agreement fully and accurately informs the Collective Class Members of all material elements of the Litigation and the proposed Agreement.

5. The Notice also advises Collective Class Members of their right to join, or not participate in, the Agreement. Collective Class Members must exercise their right to opt-in to the Agreement within thirty (30) days of the mailing of other distribution of the Notice.

6. The parties propose to disseminate the aforesaid Notice to all Collective Class Members via first class mail to the last known addresses of all Collective Class Members. This Court finds that the form and method of disseminating the Notice to the Collective Class Members, as provided in the Agreement, is the best notice practicable under the circumstances and fully meets the requirements of applicable federal and state law.

7. The Court also finds that the proposed form and content of the Opt-In Form attached as Exhibit B to the Agreement fully comports with the requirements of applicable federal and state law.

8. Based on the foregoing, the proposed Notice and Opt-In Form are hereby approved by the Court.

9. Within thirty (30) days after entry of this Order, the Claims Administrator shall mail such Notice and Opt-In Form by first class mail to the last known addresses of each Collective Class Member.

10. The Agreement is hereby approved in accordance with Section 216 of the Fair Labor Standards Act and shall be consummated in accordance with the terms and provisions thereof.

11. The Enhancement Payment to the Named Plaintiff and the original Opt-In Plaintiff set forth in the Agreement are hereby approved in accordance with the terms of the Agreement.

12. Jason Whinery is hereby designated as the Collective Class Representative.

13. This Litigation is hereby dismissed in its entirety, on the merits, as against Defendant, with prejudice, and without costs to any party, except to the extent otherwise expressly provided in the Agreement. This Court intends this Approval Order to be "Final" within the meaning of the Federal Rules of Civil Procedure and the Federal Rules of Appellate Procedure.

14. All Qualified Claimants shall conclusively be deemed for all purposes to be permanently barred from commencing, prosecuting, or otherwise maintaining in any court or forum any action against the Released Parties based on any and all Released Claims.

15. Collective Class Counsel's attorneys' fees and costs in the amount of $33,000 as requested in the parties' Motion and Memorandum for Attorneys' Fees and Costs (Doc. 16) are hereby approved. Ninety-percent of payment shall be distributed to class counsel upon entry of this order. The remaining ten percent of payment shall be distributed sixty days after entry of this order, conditioned upon class counsel's showing that it has adequately responded to the inquiries of class members regarding the settlement.

16. Without affecting the finality of this Approval Order, this Court retains exclusive jurisdiction over the consummation, performance, administration, effectuation and enforcement of the Agreement and this Approval Order. In addition, without affecting the finality of this Approval Order, this Court retains jurisdiction over Defendant, Named Plaintiff, and each Qualified Claimant for the purpose of enabling any of them to apply to the Court for such further orders and directions as may be necessary or appropriate for the construction and implementation of the terms of the Agreement and this Approval Order. Defendant, the Named Plaintiff, and each Qualified Claimant are hereby deemed to have submitted irrevocably to the exclusive

jurisdiction of this Court for any suit, action, proceeding or dispute relating to this Approval Order or the Agreement.

**IT IS SO ORDERED.**

/s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT

Dated: November 6, 2012